**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DANIEL ERNESTO BELLO GONZALEZ,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 5:26-cv-04142-DSR

**ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING IMMEDIATE RELEASE**

## 1.   INTRODUCTION AND PROCEDURAL BACKGROUND

On July 23, 2026, Petitioner Daniel Ernesto Bello Gonzalez ("Petitioner"), a noncitizen who has been detained in U.S. Immigration and Customs Enforcement ("ICE") custody since May 7, 2026, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") challenging his ongoing detention as violative of, inter alia, his right to due process.  See Doc. No. 1.  The Petition names as Respondents the Secretary of the Department of Homeland Security, the Acting Attorney General of the United States, the Director of ICE, and the Warden of the Adelanto Detention Facility where Petitioner is currently detained, each in his or her official capacity (collectively "Respondents").  Id.  Petitioner seeks in the form of relief a Writ of Habeas Corpus ordering his immediate release from immigration custody, as well as prospective injunctive relief.  Id., prayer ¶¶ 2, 5.

On July 24, 2026, Petitioner voluntarily consented under 28 U.S.C. § 636 to have a Magistrate Judge conduct all further proceedings in this case, including trial

and the entry of judgment.  See Doc. No. 3.  The case became fully consented three days later pursuant to the United States Attorney's Office's General Consent to Disposition by Magistrate Judge in Immigration Habeas Cases.  See General Order 26-05 at Ex. "A" (Doc. No. 5); see also Doc. No. 6.

Also on July 24th, the Clerk of Court served a copy of the Petition on Respondents along with a Notice of General Order 26-05 and Briefing Schedule.  See Doc. No. 5.

On July 31, 2026, Respondents filed their Answer to the Petition.  See Doc. No. 8.  Therein, Respondents state that "Respondents are not presenting an opposition argument at this time.  Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter."  Id. at ECF 2:6-9.

The Court has read and considered all papers filed by each side.  For the reasons discussed below, and especially in light of Respondents' express non-opposition, the Petition is **GRANTED** and Petitioner is ordered immediately released from immigration custody.

## 2.   FACTUAL BACKGROUND

According to the uncontroverted facts alleged in the verified Petition, Petitioner is a native and citizen of Colombia.  Pet. at ¶ 2.  "Petitioner fled Colombia in April 2023 to escape persecution, harassment, physical harm and death threats by members of the criminal gang El Tren de Aragua[.]"  Id. at ¶ 4.  On or around April 21, 2023, Petitioner entered the United States and presented himself to immigration officers at the border near San Ysidro, California.  Id.  On April 24, 2023, immigration officials issued Petitioner a Notice to Appear, thereby initiating removal proceedings, and released into the United States pursuant to an Order of Release on Recognizance ("ROR").  Id. at ¶¶ 5-6.

On May 7, 2026, Petitioner was stopped in Florida for not having visible registration on his trailer and subsequently arrested for driving with a suspended driver's license, despite Petitioner's license being valid and presenting to his current vehicle registration.  Id. at ¶ 10.  Petitioner was not "afforded an opportunity to contest the basis of the revocation of his release on own recognizance and was not provided with individualized notice suggesting that he was a flight risk or a danger to others or a material change of circumstances in his case."  Id. at ¶ 14.  Petitioner was placed in immigration custody and transported to the Adelanto Detention Facility, where he is currently detained.  Id. at ¶ 1.

**3.      PETITIONER'S CLAIM AND LEGAL STANDARD**

Petitioner challenges the revocation of his ROR release without due process of law and his resulting re-detention.  Respondents do not contest the point, asserting in the Answer that "Respondents are not presenting an opposition argument at this time."  Answer at ECF p. 2.

This Court may grant a Writ of Habeas Corpus where a petitioner is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241.  The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law.  See U.S. Const., amend. V.  There is no question that these protections extend to noncitizens present in the United States.  See, e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (per curiam) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (internal quotation marks omitted)); Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings." (internal quotation marks and brackets omitted)).  Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the

3

requirements of due process . . .." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990). Indeed, the Due Process Clause provides both procedural and substantive protections. See, e.g., Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process." (internal quotation marks omitted)). To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976). See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)). Under Matthews, courts weigh the following three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335; see also id. at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

**4.     DISCUSSION**

Because Respondents have expressly declined to oppose Petitioner's claims or the relief sought, they have consented to the relief sought in the Petition. See C.D. Cal. L.R. 7-12; Singh v. Chiang, No. 5:25-cv-030240-FMO-SP, 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) ("The court construes the government's failure to address this argument as a concession to petitioner's argument."); Soleimani v.

4

Larose, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) ("By failing to respond to the claims actually asserted, Respondents have conceded the claims.").

In light of that affirmative concession, the Court concludes that Petitioner's continued detention violates the Due Process Clause of the Fifth Amendment.  See, e.g., Mourey v. Bowen, 2026 WL 467567, at *4 (C.D. Cal. Jan. 31, 2026) ("Pursuant to the holding in Mathews, Petitioner should have been afforded a pre-detention hearing."), report and recommendation adopted, 2026 WL 464788 (C.D. Cal. Feb. 17, 2026); Fernandez Lopez, 2025 WL 2959319, at *6 ("On balance, the Mathews factors show that petitioner is entitled to a bond hearing, which should have been provided before [he] was detained."); Maldonado Vazquez v. Feeley, 805 F. Supp. 3d 1112, 1148 (D. Nev. 2025) ("Where, as here, a noncitizen is detained after having been ordered released, without any process provided by the Government for challenging his continued detention, detention becomes arbitrary and violates due process.").

The Court further concludes that "Petitioner's release is necessary to return [him] to the status quo."  Nazarian v. Noem, No. 5:25-cv-02694-KK-ADSx, 2025 WL 3236209, at *7 (C.D. Cal. Nov. 3, 2025).  The status quo is "the last uncontested status which preceded the pending controversy."  GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000) (internal quotation marks omitted).  The last uncontested status here is Petitioner's release on recognizance before his current re-detention.  See Nazarian, 2025 WL 3236209, at *7 ("The last uncontested status in this case is Petitioner's release on his second OSUP before his current re-detention.").  "Accordingly, Petitioner's release from custody is the appropriate remedy."  Id.  Respondents expressly offer no opposition to Petitioner's entitlement to immediate release.  See Answer at ECF p. 2.  Such relief

is therefore appropriate, and the Court orders that Petitioner be immediately released.[1]

Restoring Petitioner to the status quo means release under the same conditions that were in place at the time of the unconstitutional re-detention on May 7, 2026.  For the same reason that Respondents may not revoke Petitioner's ROR release without affording him due process, they also may not change the conditions of that release without affording Petitioner due process, including by adding a condition of electronic monitoring if no such condition was in place prior to his May 7, 2026, re-detention.  This does not mean that Respondents can never change the conditions of Petitioner's release – only that they have to follow due process in doing so.  Return to the status quo similarly means return to Petitioner any personal property and documents seized from him at the time of his re-detention.

Finally, Petitioner requests in the Petition that the Court "[e]njoin Respondents from re-arresting and re-detaining Petitioner in violation of his constitutional rights and the INA and specifically, without an individualized pre-deprivation notice of the basis for the revocation of his parole and a hearing before a neutral arbiter at which Respondents must provide by clear and convincing evidence of a material change of circumstances regarding Petitioner's flight risk or danger to others at the time of his re-arrest in accordance with 8 U.S.C. § 1226 and its implementing regulations."  Id. at ¶ 1; prayer ¶ 5.  Though given an opportunity to address this request in their Answer, Respondents expressly decline to do so. The Court concludes that due process requires notice and a pre-deprivation hearing before Petitioner may be re-detained.  See Perez Bueno v. Janecka, No. 5:25-CV-03376-CAS-BFM, 2026 WL 309934, at *4 (C.D. Cal. Feb. 5, 2026) (ordering

---

[1] Given Petitioner is entitled to immediate release on procedural due process grounds, the Court declines to consider the merits of Petitioner's alternative claims under substantive due process, the Fourth Amendment, the Immigration and Nationality Act, and Administrative Procedure Act.  See generally Pet. at ECF 33-41.

that the petitioner be released from immigration detention and that he not be re-detained without a pre-deprivation hearing); Mourey, 2026 WL 467567, at *6 ("If the Government seeks to re-detain Petitioner, he must be provided some kind of hearing before the state deprives him of his liberty.  Further, such hearing must be before a neutral arbiter in which the Government bears the burden of providing by clear and convincing evidence that Petitioner is a flight risk or danger to the community." (internal quotation marks, brackets, and citation omitted)).

Habeas relief is not limited to "discharge of the applicant from physical custody.  Its mandate is broad with respect to the relief that may be granted." Carafas v. LaVallee, 391 U.S. 234, 239 (1968).  Title 28 U.S.C. § 2243 expressly provides that "[t]he court shall . . . dispose of the matter as law and justice require."  And a permanent injunction may be entered, at the discretion of the District Court, where a petitioner shows "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391, (2006).

The Court finds Petitioner has made such a showing here.  First, Petitioner has suffered an irreparable injury by being re-detained without due process of law and would again if Respondents repeat such conduct.  There is no indication that Respondents' well-publicized efforts to detain non-citizens no longer pose a threat to Petitioner of a repeat of the same deficient re-detention as occurred on May 7, 2026.  Second, legal remedies such as damages would be inadequate to cure the unconstitutional loss of his liberty while Petitioner is in detention awaiting court action on another habeas petition again challenging the deprivation of his due process rights.  And finally, the balance of hardships and public interest in merely requiring Respondents to provide basic due process in the event they again seek to

re-detain Petitioner, versus forcing Petitioner again to suffer detention and sue to win his release, favor the imposition of a limited injunction against future re-detention without notice and a pre-deprivation hearing.  Thus, a permanent injunction prohibiting Respondents from repeating the same unconstitutional re-detention of Petitioner that necessitated this habeas case is appropriate.

**5.    ORDER**

Petitioner is present in custody of Respondents in violation of the Constitution or laws or treaties of the United States; thus, a Writ of Habeas Corpus should issue pursuant to 28 U.S.C. § 2241 compelling his immediate release, subject only to the same conditions as existed before his May 7, 2026, re-detention.  The Court therefore **GRANTS** the Petition for Writ of Habeas Corpus (Doc. No. 1) and orders as follows:

(A) Respondents shall immediately release Petitioner **DANIEL ERNESTO BELLO GONZALEZ (A-245-007-151)** from custody, reinstate his release under the same conditions that were in place before his detention on May 7, 2026, and return to him any personal property and documents seized at the time of his detention;

(B) Respondents shall also provide Petitioner with a copy of this Order at or near the time of release;

(C) Within three (3) days of the date of the Court's Order, Respondents shall file a Status Report confirming Petitioner's release and return of his personal property and documents; and

(D) Respondents are hereby enjoined from re-detaining Petitioner without notice and a pre-detention hearing before a neutral decisionmaker at which Respondents bear the burden of demonstrating by clear and convincing evidence that there has been a material change in circumstances justifying revocation of Petitioner's ROR and re-detention of Petitioner.

The Court will issue Judgment consistent with this Order.  Any fee motion must be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412, and this Court's Local Rules. The Court retains jurisdiction to adjudicate any collateral enforcement issues.

IT IS SO ORDERED.


DATED: August 4, 2026            _____

                                 HON. DANIEL S. ROBERTS
                                 UNITED STATES MAGISTRATE JUDGE